The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED FEDERATION OF CHURCHES, LLC d/b/a THE SATANIC TEMPLE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALAN JOHNSON, an individual; LEAH FISHBAUGH, an individual; MICKEY MEEHAM, an individual; and NATHAN SULLIVAN, an individual,<br><br>Defendants. | No. 2:20-cv-00509-RAJ<br><br>**MOTION TO DISMISS**<br><br>NOTE ON MOTION CALENDAR:<br>**June 26, 2020** |

Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan (collectively, "Defendants"), through their undersigned counsel, move to dismiss the Complaint filed against them by plaintiff United Federation of Churches, LLC d/b/a The Satanic Temple ("The Satanic Temple") for failure to state a claim upon which relief can be granted.

### I.   INTRODUCTION

This case involves a dispute between an organized church, The Satanic Temple, and its former members, Defendants, regarding their disagreements about the tenets and practices of The Satanic Temple. More specifically, this suit is about The Satanic Temple's

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

efforts to silence former members who discovered the extent to which The Satanic Temple refuses to live up to its stated beliefs regarding consistent, proper treatment of people in general and human diversity in particular.  By this lawsuit, The Satanic Temple seeks to prevent the former members from expressing their views regarding The Satanic Temple's tenets and practices.  In an effort to punish these dissenting former members and stifle their First Amendment rights, The Satanic Temple asserts claims for hacking under the Computer Fraud and Abuse Act ("CFAA"), cyberpiracy under the Lanham Act, tortious interference with business expectancy, violation of the Washington Consumer Protection Act ("CPA"), and defamation, all based on the Defendants' posting of critical opinions about The Satanic Temple on Facebook pages and other social media.

Even taking as true The Satanic Temple's inaccurate allegations, its claims must be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted because The Satanic Temple has not alleged required elements of its claims.  The Satanic Temple has not alleged that certain Defendants have done anything more than use Facebook pages to post critical content.  The Satanic Temple acknowledges in its Complaint that the Defendants were administrators of the Facebook pages and that Facebook has determined Defendants were permitted to post per Facebook's (the website owner's) policies.  This allegation in The Satanic Temple's own Complaint mandates dismissal of the CFAA claim.[1]  The Satanic Temple has not alleged that the Defendants profited from their alleged conduct or that the conduct took place in trade or commerce, thus requiring dismissal of the CPA and cyberpiracy claims.  Further, The Satanic Temple has not alleged that the Defendants have interfered with its ability to continue to do business with Facebook by using or purchasing its products or services, thus negating the tortious interference claim.  Finally, in its defamation claim, The Satanic Temple asks this

---

[1] The CFAA claim must be dismissed as to particular Defendants for additional reasons as described below.  *See* Section III.B.1, *infra*.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Court to do what the First Amendment precludes—review and decide a matter relating to a church's beliefs and practices, thus requiring dismissal of the defamation claim.  For these and other reasons set forth below, The Satanic Temple's Complaint must be dismissed in its entirety.

## II.     FACTS

For purposes of this Motion to Dismiss only, the following relevant allegations are taken as true (though many are vigorously disputed by Defendants).  According to The Satanic Temple's Complaint, it is an established religious organization that subscribes to and promotes several fundamental tenets.  Complaint ¶ 8.  The Satanic Temple's stated mission is to "encourage benevolence and empathy among all people, reject tyrannical authority, advocate practical common sense and justice, and be directed by the human conscience to undertake noble pursuits guided by the individual will."  *Id.* ¶ 9.

The Satanic Temple claims to have adherents in all 50 states.  *Id.* ¶ 12.  "Groups of adherents are commonly denominated 'Chapters.'  Chapters are largely autonomous but are subject to centralized control to ensure faithfulness to organizational principles and purposes."  *Id.*  Defendants are "former associates" of The Satanic Temple.  *Id.* ¶¶ 13-16.  The Satanic Temple uses Facebook, Twitter, and Google to communicate with its members and to create and store documents.  *Id.* ¶¶ 20-22.  The Satanic Temple's Washington Chapter created Facebook pages and a Twitter account between 2014 and 2018.  *Id.* ¶¶ 23-26.

The Satanic Temple contends that administrators of its social media accounts are governed by a "Membership Agreement and Code of Conduct."  *Id.* ¶ 28 & Ex. 4.  According to The Satanic Temple's Complaint, Defendants all had administrative rights to The Satanic Temple's social media accounts.  *Id.* ¶ 30.  On March 14, 2020, Defendant Meehan removed other administrators from The Satanic Temple's "Allies" Facebook page and changed the name of that page to "Evergreen Memes for Queer Satanic Fiends."  *Id.*

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

¶ 36. On March 18, Defendant Johnson caused The Satanic Temple's Twitter account to "follow[] a number of extremist groups to create a false impression of affiliation between [The Satanic Temple] and extremism." *Id.* ¶ 37. Defendant Fishbaugh changed the password on The Satanic Temple Washington Chapter's Google email account and changed the recovery email and phone number for that account. *Id.* ¶ 42. The Satanic Temple subsequently took control of the Google account. *Id.* ¶ 54. Although it is unclear whether The Satanic Temple alleges that it ever lost control of the Twitter Account, it admits that it now has control of that account. *Id.*

On March 20, 2020, Defendant Johnson removed other administrators from The Satanic Temple's "Chapter" Facebook page and posted to that page regarding his and others' apparent ejection from The Satanic Temple. *Id.* ¶ 39 & Ex. 5. In the following days Johnson re-posted on that Facebook page articles about The Satanic Temple. *Id.* ¶ 41. Days later, Johnson changed the name of that Facebook page from "The Satanic Temple Washington" to "Satanic Washington State – Archived Temple Chapter." *Id.* ¶ 43. The Satanic Temple claims to have lost between 20 and 30 members due to changes on the Facebook page. *Id.* ¶ 48.

The Satanic Temple contends it has demanded control of the Facebook pages from both Defendants and Facebook, but that Facebook has refused and instead stated that this is an "administrator issue" not involving "infringements of [The Satanic Temple's] legal rights." *Id.* ¶ 50.

### III.  ARGUMENT

**A. Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007)). Absent facial plausibility, a plaintiff's claims must be dismissed. *Id.*

Dismissal is appropriate where the complaint "fails to state a cognizable legal theory . . . to support a claim." *Singleton v. Intellisist, Inc.*, No. C17-1712RSL, 2018 WL 2113973, at *1 (W.D. Wash., May 8, 2018). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citations omitted); *see also Iqbal*, 556 U.S. at 679. The court should not accept as true allegations that state only legal conclusions. *See Iqbal*, 556 U.S. at 678-79 (court is not required to accept as true a "legal conclusion couched as a factual allegation").

**B.  The Satanic Temple's Complaint Should be Dismissed**

Even taking all allegations in The Satanic Temple's Complaint as true, The Satanic Temple has failed to state a claim upon which relief can be granted for all of its claims. In addition, the First Amendment precludes The Satanic Temple's defamation claim; to resolve that claim, the Court or jury would be required to review and decide the tenets and practices of an established church (The Satanic Temple), which the First Amendment bars. Because all of its claims against Defendants fail as a matter of law, the Complaint should be dismissed in its entirety.

**1.  The Satanic Temple has Failed to State a Hacking Claim under the CFAA**

The CFAA imposes criminal and civil liability for various acts of computer hacking.[2] 18 U.S.C. § 1030(a). "The CFAA is an 'anti-hacking' statute and not a

---

[2] A plaintiff may maintain a civil action only if certain factors are met, specifically (1) loss within a year of at least $5,000 in value, (2) modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of one or more individuals, (3) physical injury to any person, (4) a threat to public health or

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 5


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

misappropriation statute." *Zoom Imaging Solutions, Inc. v. Roe*, No. 2:19-cv-01544-WBS-KJN, 2019 WL 5862594, at *1-*11 (E.D. Cal., Nov. 8, 2019) (quoting *Hat World, Inc. v. Kelly*, No. CIV. S-12-01591 LKK, 2012 WL 3283486, at *5 (E.D. Cal., Aug. 10, 2012)). "The plain language of the CFAA 'target[s] the unauthorized procurement or alteration of information, not its misuse or misappropriation.'" *United States v. Nosal*, 676 F.3d 854, 863 (9th Cir. 2012) (en banc). Therefore, in the Ninth Circuit, "the phrase 'exceeds authorized access' in the CFAA does not extend to violations of use restrictions." *Id.* Applying these standards, The Satanic Temple's CFAA hacking claim fails for numerous reasons.

> **a. The Satanic Temple has Failed to Plead that Defendants Accessed a Protected Computer without Authorization or Exceeded Authorized Access Sufficient to Support a CFAA Hacking Claim**

The Satanic Temple has failed to allege that Defendants' authorization to access or change the Facebook pages at issue here was revoked. Read most favorably to The Satanic Temple (and bordering on implausibility), the most that The Satanic Temple alleges is that Defendants Johnson and Meehan exceeded their "grant of authority as defined in the Code of Conduct." *See, e.g.*, Complaint ¶ 41 ("The links and commentary all exceeded Johnson's grant of authority as defined in the Code of Conduct."); ¶ 39 ("Johnson exceeded authorization"); ¶ 43 (alleged "modifications exceeded Johnson's grant of authority as defined in the Code of Conduct"); ¶ 36 ("Meeham [sic, Meehan] exceed authorization for the Allies page.").

Even assuming that The Satanic Temple Code of Conduct governed Johnson's and Meehan's use of the Facebook pages, alleged violations of the terms of use are insufficient to state a CFAA hacking claim. *See, e.g.*, *Nosal*, 676 F.3d at 862-63 (observing that "[n]ot

---

safety, or (5) damage affecting a computer used by or for the United States Government in furtherance of the administration of justice, national defense, or national security. 18 U.S.C. § 1030(g); 18 U.S.C § 1030(c)(4)(A)(i)(I)-(V). The only factor cited by The Satanic Temple for its right to bring this lawsuit is alleged loss of at least $5,000. Complaint ¶¶ 56, 63.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1  only are the terms of service vague and generally unknown . . . but website owners retain
2  the right to change the terms at any time and without notice," and accordingly "the phrase
3  'exceeds authorized access' in the CFAA does not extend to violations of use restrictions.
4  If Congress wants to incorporate misappropriation liability into the CFAA, it must speak
5  more clearly."); *see also United States v. Drew*, 259 F.R.D. 449, 467 (N.D. Cal. 2009)
6  (cited in Complaint ¶ 59) ("[I]f any conscious breach of a website's terms of service is held
7  to be sufficient by itself to constitute intentionally accessing a computer without
8  authorization or in excess of authorization, the result will be that section 1030(a)(2)(C)
9  becomes a law that 'affords too much discretion to the police and too little notice to citizens
10 who wish to use the [Internet].'") (quoting *City of Chicago v. Morales*, 527 U.S. 41, 64, 119
11 S. Ct. 1849, 144 L. Ed. 2d 67 (1999)).

12     The Satanic Temple itself alleges that all Defendants were approved administrators
13 on the social media accounts to which it directs its CFAA claim. *See* Complaint ¶ 30
14 ("Defendants, each, were entrusted with administrative rights to the above-described social
15 media accounts."). The Satanic Temple's allegation of "hacking" is based entirely upon
16 alleged violation of The Satanic Temple's Code of Conduct. *Id.* ¶ 30 (alleging that rights to
17 social media accounts were "subject to the requirements set forth in the Code of Conduct").
18 But under governing Ninth Circuit law acting beyond such alleged use restrictions is
19 insufficient to state a CFAA hacking claim. *Nosal*, 676 F.3d at 862-63; *Drew*, 259 F.R.D.
20 at 467.

21     **b.  The Satanic Temple's Complaint Admits that Access was Authorized**

22     Even more fundamentally, The Satanic Temple has *not* pled that the owner of the
23 websites at issue—Facebook—did not authorize Defendants' use of, access to, and changes
24 to those websites. To the contrary, The Satanic Temple has pled that Facebook has
25 determined that Defendant Johnson was authorized to do everything The Satanic Temple
26 complains of.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

The Satanic Temple admits that Facebook owns the websites at issue, and that it and the Defendants were simply users of that "ubiquitous internet social medium." Complaint ¶ 17 ("Facebook is a ubiquitous internet social medium which permits users to create and share content including without limitation links, commentary, and written conversations. Content can be shared by individuals on personal pages or by organizations on business pages.").

In certain circumstances a party other than a computer owner may assert a CFAA claim for damages the party suffers due to unauthorized access to a third-party's computer. *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004). However, here The Satanic Temple has not pled that Facebook—the ultimate owner of the website—did not authorize Johnson to access or alter the Chapter Page or that Facebook did not authorize Meehan to access or alter the Allies Page. Indeed, The Satanic Temple has affirmatively alleged that at the time of the conduct upon which its CFAA claim is based, Facebook *explicitly determined that Johnson was authorized to access and alter the Chapter Page*. See Complaint ¶¶ 49-50 ("TST's Washington leadership have repeatedly demanded the return of the Facebook pages from both Facebook and Defendants. Facebook refused to correct the matter, mislabeling the issue as a 'Page admin issue' to the exclusion of 'infringement of your [The Satanic Temple's] legal rights.'"); *see also* Complaint ¶ 55 ("TST is unable to recover the Facebook account without relief from this Court.").

Because The Satanic Temple has failed to allege that Facebook did not permit Defendants to use the Facebook pages, and indeed has affirmatively alleged that Facebook found that during and after the acts The Satanic Temple contends violate the CFAA, Johnson was permitted to take those acts as an administrator for the Facebook Chapter Page, Defendants cannot have acted without authorization or in excess of authorized use as defined by the CFAA. Accordingly, The Satanic Temple's CFAA claim must be dismissed.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

### c. The Satanic Temple Has Failed to Allege Defendants Fishbaugh's and Sullivan's Involvement in the Conduct Alleged to Violate the CFAA or How Meehan's Alleged Actions were Fraudulent or Met the "Loss" Threshold

18 U.S.C. § 1030(a) sets out various circumstances under which computer hacking can violate the CFAA. The Satanic Temple does not specify which subsection of 18 U.S.C. § 1030(a) it is asserting against Defendants, but appears to bring its claim under 18 U.S.C. § 1030(a)(4).[3] That part of the statute provides that it is a violation of the CFAA to

> knowingly and with intent to defraud, access[] a protected computer without authorization, or exceed[] authorized access, and by means of such conduct further[] the intended fraud and obtain[] anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period.

18 U.S.C. § 1030(a)(4).

The Federal Rules of Civil Procedure provide that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The purpose of this rule is to ensure that defendants accused of the conduct specified have adequate notice of what they are alleged to have done, so that they may defend against the accusations. Without such specificity, defendants in these cases would be put to an unfair disadvantage, since at the early stages of the proceedings they could do no more than generally deny any wrongdoing." *Concha v. London*, 62 F.3d 1493, 1502 (9th Cir. 1995).

---

[3] The other subsections of 18 U.S.C. § 1030(a) cannot conceivably apply here. 18 U.S.C. § 1030(a)(1) applies only to data the United States government has deemed requires protection on the basis of national defense and foreign relations, or certain restricted data under the Atomic Entergy Act of 1954. 18 U.S.C. § 1030(a)(2) deals with unauthorized access to information from financial institutions, agencies of the United States, or other "protected computers." But The Satanic Temple does not allege that Defendants improperly accessed information from the Facebook pages. 18 U.S.C. § 1030(a)(3) addresses access to nonpublic computers of a department or agency of the United States. 18 U.S.C. § 1030(a)(5) deals with transmitting a "program, information, code or command" or otherwise accessing computers that cause damage or loss. 18 U.S.C. § 1030(a)(6) is directed at trafficking passwords or other information that can be used to access certain computers. 18 U.S.C. § 1030(a)(7) prohibits extortion relating to threatened damage or hacking of protected computers.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 9

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

"Rule 9(b) plainly applies to section 1030(a)(4)'s requirement that the defendant's acts further the intended fraud." *Oracle America, Inc. v. Service Key, LLC*, No. C 12-00790 SBA, 2012 WL 6019580, at *6 (N.D. Cal., Dec. 3, 2012); *see also Synopsys, Inc. v. Ubiquiti Networks, Inc.*, 313 F. Supp. 3d 1056, 1072 (N.D. Cal. 2018) ("For the § 1030(a)(4) claim, defendants [sic, plaintiff] must also allege facts supporting a knowing intent to defraud defendants with particularity under Rule 9."). Accordingly, "[t]o satisfy the heightened pleading requirements for fraud or fraud-based claims, the pleadings must allege 'the who, what, when, where, and how' of the alleged fraudulent conduct, *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) and 'set forth an explanation as to why [a] statement or omission complained of was false and misleading." *Oracle America*, 2012 WL 6019580, at *7 (citing *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994)).

The Satanic Temple has fallen well below this standard as to Defendants Fishbaugh, Sullivan, and Meehan as to the alleged fraudulent conduct and as to Defendant Johnson regarding the Twitter account:

- The Satanic Temple has failed to allege *any* conduct by Defendant Sullivan relating to alleged hacking.
- As to Defendant Fishbaugh, The Satanic Temple alleges only that "Fishbaugh exceeded authorization by changing the password to the Chapter's Google-based email account, changing the recovery email, and changing the phone number." Complaint ¶ 42. The Complaint is devoid of any allegation that this conduct was fraudulent, much less describing the "who, what, when, where, and how" of the alleged fraudulent conduct as required by Rule 9(b). Additionally, The Satanic Temple fails to allege that the loss from this alleged misconduct exceeds the $5,000 threshold for a claim under 18 U.S.C. § 1030(a)(4) or the same

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

jurisdictional threshold for maintaining a civil action for any violation of 18 U.S.C. § 1030 as required by 18 U.S.C. § 1030(g).

- As to Defendant Meehan, The Satanic Temple alleges only that they exceeded authorization for the "Allies" Facebook page by removing other administrators, changing the name of that page, and posting a "manifesto." Complaint ¶ 36. The Satanic Temple fails to explain how that conduct was fraudulent (particularly where the alleged "manifesto" explicitly states that "[t]his page is no longer affiliated with The Satanic Temple."). *Id.* Further, The Satanic Temple admits that its purported loss from the alleged misconduct relating to the "Allies" Facebook page is well under the $5,000 threshold required for an 18 U.S.C. § 1030(a)(4) claim and the same jurisdictional threshold required for maintaining a civil action required by 18 U.S.C. § 1030(g). *See* Complaint ¶ 63 (alleging $1,037.52 loss relating to the "Allies" page).

- As to Defendant Johnson's alleged act of "exceeded authorization for the Twitter account," The Satanic Temple fails to plead the "who, what, when, where, and how" of the alleged fraudulent conduct as required by Rule 9(b). Further, The Satanic Temple admits that the alleged acts as to the Twitter account were not successful. *See* Complaint ¶ 63 ("The Twitter page, if successfully misappropriated, would have lost $8,246.70."). But the CFAA recognizes no civil action for attempted violation. *See* 18 U.S.C. § 1030(g) (requiring actual "damage or loss by reason of a violation"). Accordingly, The Satanic Temple's claim against Defendant Johnson as to the Twitter account is barred by failure to plead with sufficient specificity under Rule 9(b) and for failure to allege actual loss exceeding $5,000.

Thus, in addition to failing to allege, to the level required for a CFAA violation, that the Defendants were not authorized to access these computers or that they used that

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

authorization to exceed permitted access, The Satanic Temple's claims against Defendants Sullivan, Fishbaugh, Meehan, and Johnson (as to the Twitter account) must also be dismissed for failure to allege essential elements for a 18 U.S.C. § 1030(a)(4) claim or to plead the fraudulent aspect of that claim with particularity as required by Rule 9(b).

\* \* \*

For the foregoing reasons, The Satanic Temple's CFAA hacking claim must be dismissed as to all Defendants.

### 2. The Satanic Temple has Failed to State a Cyberpiracy Claim

To prevail on a claim for cyberpiracy under the Lanham Act, a plaintiff must prove that "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acts with 'bad faith intent to profit from that mark.'" *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010) (quoting 15 U.S.C. § 1125(d)(1)(A)); *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1080 (C.D. Cal. 2012). Such a claim can prevail only if the plaintiff can prove, *inter alia*, a bad faith intent to *profit* on the part of the defendant in the registration of its domain names, and that the parties' domain names are confusingly similar. *See, e.g.*, *Fifth Ave. of Long Island Realty Assocs. v. Caruso Mgmt. Co.*, 718 F. Supp. 2d 292, 313 (E.D.N.Y. 2010); *Sporty's Farm, LLC v. Sportsman's Mkt., Inc.,* 202 F.3d 489, 497-99 (2d Cir. 2000); *Dudley v. HealthSource Chiropractic, Inc.*, 585 F. Supp. 2d 433, 438 (W.D.N.Y. 2008).

The Satanic Temple bases its cyberpiracy claim on the Defendants' use of a Facebook page. Complaint ¶¶ 67-73. Even assuming, *arguendo,* that the use of a Facebook page by a person with administrative access to the page could fall within the realm of cyberpiracy, The Satanic Temple fails to plead a necessary element of a Lanham Act cyberpiracy claim—that the Defendants had a bad faith intent to profit from their use of the Facebook page. The Satanic Temple alleges that the Defendants used the allegedly

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

misappropriated Facebook pages to post critical commentary about The Satanic Temple (*see, e.g.,* Complaint ¶ 41). Nowhere does The Satanic Temple allege that Defendants had any intent to use the Facebook pages for any commercial or monetary gain or had any intent to obtain profit of any sort from the Facebook pages. Absent the missing element of a bad faith intent to profit, The Satanic Temple's cyberpiracy claim fails as a matter of law. *See, e.g. Carl v. BernardJcarl.Com*, 409 F. App'x 628, 630 (4th Cir. 2010) (upholding dismissal of cyberpiracy claim where the defendant did not use the disputed domain name with intent to profit); *Sabin v. Curt Mfg. Co.*, No. CV-08-1852-PHX-SRB, 2009 WL 10673588, at *7 (D. Ariz., May 4, 2009) (dismissing cyberpiracy claim for failing to adequately allege bad faith intent to profit).

Finally, even if the Court finds that The Satanic Temple has stated a Lanham Act cyberpiracy claim against Defendants Johnson and Meehan, the Court must dismiss this claim as to Defendants Fishbaugh and Sullivan. The Satanic Temple's Lanham Act cyberpiracy claim is limited to alleged trafficking in the name "The Satanic Temple" on "the website located at the URL "facebook.com/**TheSatanicTemple**Washington." Complaint ¶ 71 (emphasis in original). The Satanic Temple pleads no facts suggesting Defendants Fishbaugh's and Sullivan's involvement in any such alleged trafficking. *See* Complaint ¶¶ 17-55.

### 3. The Satanic Temple Has Failed to State a Tortious Interference Claim

A plaintiff must prove five elements to establish a *prima facie* case of tortious interference with a business expectancy: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Pac. Nw. Shooting Park Ass'n v. City of Sequim*, 158 Wn. 2d 342, 351, 144 P.3d 276, 280 (2006). Here The Satanic Temple made no allegation that

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 13

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1   Defendants' conduct resulted in the termination of any business relationship between The
2   Satanic Temple and Facebook. The Satanic Temple alleges that it uses a product offered by
3   Facebook—*i.e.* its social media pages or "Facebook pages." Complaint ¶¶ 74-75. The
4   Satanic Temple further alleges that certain Defendants wrongfully misappropriated its
5   Washington Facebook Pages. *Id.* ¶ 77. However, The Satanic Temple does not allege any
6   facts that indicate that the Defendants' allegedly wrongful use of The Satanic Temple's
7   Facebook Pages has caused a termination of a relationship between The Satanic Temple and
8   Facebook. The Satanic Temple does not allege, nor could it, that Defendants' alleged
9   conduct has interfered with its ability to continue using or purchasing Facebook products.

10          The fact that a third party (allegedly) misappropriates a product that was provided
11  by a merchant to a customer does not in any manner indicate that the third party somehow
12  interfered with the business relationship between the customer and the merchant. For
13  example, imagine a merchant who sells widgets to an organization. A former member of
14  the organization steals one of the widgets from the organization. The theft of the widget by
15  the former member in no way effects the organization's ongoing relationship with the
16  merchant—there is nothing preventing the organization from continuing to buy more
17  widgets from the merchants. The same is true here. There is nothing preventing The
18  Satanic Temple from continuing to use Facebook products. The tortious interference claim
19  fails as a matter of law.

20          Finally, even if the Court finds that The Satanic Temple has stated a tortious
21  interference claim against Defendants Johnson and Meehan, the Court must dismiss this
22  claim as to Defendants Fishbaugh and Sullivan. The Satanic Temple's tortious interference
23  claim is limited to alleged interference with The Satanic Temple's relationship with
24  Facebook. Complaint ¶ 77. The Satanic Temple pleads no facts suggesting Defendants
25  Fishbaugh's and Sullivan's involvement in any such alleged interference. *See* Complaint ¶¶
26  17-55.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 14

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**4. The Satanic Temple has Failed to State a CPA Claim Because None of the Alleged Acts Occurred in Trade or Commerce**

To state a claim under Washington's Consumer Protection Act ("CPA") a plaintiff must allege (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) injury to plaintiff's business or property, and (5) which injury is causally related to unfair or deceptive act. *Shields v. Morgan Fin., Inc.*, 130 Wn. App. 750, 755-56, 125 P.3d 164, 167 (2005). The Satanic Temple has not alleged and cannot show that any of the alleged unfair or deceptive acts or practices of which it complains occurred "in the conduct of trade or commerce." "Trade or commerce" includes "the sale of assets or services, and any commerce directly or indirectly affecting the people of the State of Washington." RCW 19.86.010(2). The plain meanings of these terms denote commercial ventures and entrepreneurial enterprises. Where the alleged wrongful conduct does not include any sale or assets or services, a CPA claim fails as a matter of law. *See, e.g., Browne v. Avvo Inc.*, 525 F. Supp. 2d 1249, 1254 (W.D. Wash. 2007) (website operator did not engage in "trade" or "commerce" for purposes of Washington Consumer Protection Act by providing information about attorneys and comparative rating system, even though operator offered to sell advertising space to attorneys, where no assets or services were sold to people who visited website in hopes of finding lawyer, no charge was levied against attorneys or references who chose to provide information, operator did not accept payment for inclusion of attorney on website, and advertising program was separate and distinct from attorney profiles).

Here, The Satanic Temple's Complaint is devoid of any allegations that meet the "occurring in trade or commerce" element. There is no allegation that Defendants sought to sell any assets or services or that they received any money or gain from the public. Rather, the only activities at issue are the posting of opinions relating to a church's practices and beliefs. Thus, lacking any activity occurring in trade or commerce, The Satanic Temple's CPA claim fails as a matter of law.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 15

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

Finally, even if the Court finds that The Satanic Temple alleged activity occurring in trade or commerce, the Court must dismiss this claim as to Defendants Fishbaugh and Sullivan.  The Satanic Temple pleads no facts as to Defendants Fishbaugh and Sullivan that relate to the first (unfair or deceptive act or practice), third (public interest impact), or fifth (injury that is causally related to unfair or deceptive act) elements of a Consumer Protection Act claim.  *See* Complaint ¶¶ 17-55.

### 5. The Satanic Temple's Defamation Claim Fails as a Matter of Law

#### a. The First Amendment Precludes Defamation Claims Premised on Statements Regarding A Church's Doctrine or Beliefs

The First Amendment to the United States Constitution precludes judicial review of a claim that requires "a searching . . . inquiry into church [doctrine]" and prohibits courts from deciding "religious dispute[s,] the resolution of which . . . is for ecclesiastical and not civil tribunals."  *Serbian E. Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 709, 723, 96 S. Ct. 2372, 49 L.Ed.2d 151 (1976); *see also Jones v. Wolf,* 443 U.S. 595, 603, 99 S. Ct. 3020, 61 L.Ed.2d 775 (1979).  These cases stand for the proposition that "civil courts may resolve . . . secular issues that arise with respect to a religious entity, but only when inquiry 'into religious law and polity' is not required." *Ram v. Lal*, 906 F. Supp. 2d 59, 69-70 (E.D.N.Y. 2012) (quoting *Milivojevich,* 426 U.S. at 709).  Stated as a rule of exclusion, "civil courts may not entertain claims that in effect require religious determinations that are ecclesiastical, regardless of the nature of the underlying dispute." *Id.* at 70.  Thus, in the context of defamation claims, where a court or jury "would have to determine the truth of the defendants' statements . . . and, in doing so, would examine and weigh competing views of church doctrine," the result is entanglement "in a matter of ecclesiastical concern" that is barred by the First Amendment.  *Hartwig v. Albertus Magnus Coll.*, 93 F. Supp. 2d 200, 219 (D. Conn. 2000) (dismissing defamation claim where review of the claim would require the court to delve into and weigh competing views of church doctrine).

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 16

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**b. The First Amendment Bars The Satanic Temple's Defamation Claim**

The First Amendment bars The Satanic Temple's defamation claim because resolution of the claim would require the Court to delve into matters of The Satanic Temple's doctrines and beliefs.[4] The Satanic Temple's defamation claim focuses on the allegation that the Defendants have "falsely ascrib[ed] extremist ideologies and affiliations to TST." Complaint ¶ 91. Although the Complaint is not clear[5], it appears that the ideologies at issue are white supremacism and fascism, with The Satanic Temple claiming that certain Defendants have falsely asserted that Satanic Temple's leadership is "cozy with the alt-right," "are white supremacist," and are "fascists." Complaint ¶¶ 40-41. Resolution of this defamation claim would thus require the Court or jury to delve into the tenets and beliefs of The Satanic Temple to determine whether or to what extent The Satanic Temple's practices or beliefs are in line with or oppose the ideologies of white supremacy or fascism. This judicial review and determination of a church's beliefs or practices is exactly the type of court entanglement in church tenets that the First Amendment precludes. *Hartwig,* 93 F. Supp. 2d at 219 (dismissing defamation claim where review of the claim would require the court to delve into and weigh competing views of church doctrine). Thus, as a matter of law, the First Amendment requires that the Court dismiss Plaintiff's defamation claim.

---

[4] The Satanic Temple states that it is an organized religious organization. Complaint ¶¶ 7-12.

[5] The lack of clarity in Plaintiff's defamation claim also requires dismissal. Plaintiffs are required to identify with specificity exactly which statements are allegedly defamatory. Failure to do so, as in this case, requires dismissal of the claim. *See Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1123 (W.D. Wash. 2004), *aff'd*, 152 F. App'x 565 (9th Cir. 2005) ("To the extent that Plaintiff alleges defamation against this subset of Seattle Defendants, the claims fail because she failed to identify with the requisite specificity what statements are defamatory.").

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 17

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

### c. The Satanic Temple has Failed to State a Defamation Claim against Defendants Fishbaugh and Sullivan

To establish a prima facie claim of defamation, a private plaintiff must show (1) falsity, (2) an unprivileged communication, (3) fault, and (4) damages.[6] *United States Mission Corp. v. KIRO TV, Inc.*, 172 Wn. App. 767, 772, 292 P.3d 137 (2013). The Satanic Temple has alleged no communications by Defendants Fishbaugh and Sullivan, much less unprivileged communications. Accordingly, even if this Court finds that it or a jury can adjudge The Satanic Temple's defamation claim without running afoul of the First Amendment, the Satanic Temple's defamation claim must be dismissed as to Defendants Fishbaugh and Sullivan for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, The Satanic Temple's Complaint must be dismissed for failure to state a claim upon which relief can be granted.

DATED: June 1, 2020.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan*

---

[6] Defendants in no way concede that The Satanic Temple should be considered a private plaintiff for purposes of its defamation claim.

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 18


ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# CERTIFICATION OF CONFERENCE

The undersigned counsel certifies that, per Paragraph 6 of the Standing Order for Civil Cases Assigned to Judge Richard A. Jones (Dkt. No. 7), on June 1, 2020, counsel for Defendants conferred with Benjamin Justus, counsel for The Satanic Temple, regarding this motion. The parties were unable to reach an accord that would eliminate the need for the motion.

DATED: June 1, 2020.

ARETE LAW GROUP PLLC

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan*

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 19

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# CERTIFICATE OF SERVICE

I, Annabel Barnes, certify that on June 1, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, thereby sending a notification of such filing to the following parties:

>Benjamin Justus, WSBA No. 38855
>LYBECK PEDREIRA & JUSTUS, PLLC
>Chase Bank Building
>7900 SE 28th Street, Fifth Floor
>Mercer Island, WA 98040
>(206) 687-7805
>ben@lpjustus.com

DATED: June 1, 2020, at Seattle, Washington.

>*/s/ Annabel Barnes*
>Annabel Barnes, Legal Assistant

MOTION TO DISMISS
No. 2:20-cv-00509-RAJ – Page 20

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250