UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED FEDERATION OF CHURCHES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALAN JOHNSON, et al.,<br><br>Defendants. | CASE NO. C20-0509RAJ<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

## I.   INTRODUCTION

Before the court is Plaintiff United Federation of Churches, LLC's (d/b/a "The Satanic Temple") ("TST")) motion for reconsideration of the court's February 26, 2021 order granting Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meeham, and Nathan Sullivan's (collectively, "Defendants") motion to dismiss. (MFR (Dkt. # 21); *see* 2/26/21 Order (Dkt. # 20).)  Specifically, TST asks the court to reconsider (1) its dismissal without prejudice of TST's claim for violation of the Anti-Cybersquatting

ORDER - 1

Consumer Protection Act, 15 U.S.C. § 1125 ("ACPA") and (2) its dismissal with prejudice of TST's defamation claim. (*See generally* MFR.) Defendants oppose TST's motion. (Resp. (Dkt. # 23); *see also* 3/15/21 Dkt. Entry (requesting a response to TST's motion).) The court has carefully reviewed all of the foregoing, along with the record in this case and the governing law. Being fully advised,[1] the court DENIES TST's motion for reconsideration.

## II.  ANALYSIS[2]

"Motions for reconsideration are disfavored," and the "court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). The court first applies these standards to TST's motion to reconsider the dismissal of its ACPA claim, then turns to TST's motion to reconsider the dismissal of its defamation claim.

**A.  ACPA Claim**

The ACPA "establishes civil liability for 'cyberpiracy' where a plaintiff proves that (1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted 'with bad faith intent to profit from that mark.'" *DSPT Int'l, Inc.*

---

[1] Neither party requests oral argument (*see* MFR at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Because the court detailed TST's factual allegations in its February 26, 2021 order, it does not repeat that background here. (*See* 2/26/21 Order at 1-4.)

ORDER - 2

*v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010); *see also* 15 U.S.C. § 1125(d).  The ACPA defines "domain name" as "any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet."  15 U.S.C. § 1127.

TST alleges that Defendants violated the ACPA by "hijacking" its Facebook business page, which has the URL "https://www.facebook.com/TheSatanicTempleWashington/".  (Compl. (Dkt. # 1) ¶¶ 47, 67-63.[3])  The court concluded that TST failed to state an ACPA claim because the "TheSatanicTempleWashington" portion of the URL is part of a post-domain path (or "vanity URL") and thus does not qualify as a "domain name" within the meaning of the ACPA.  (2/26/21 Order at 9-13.)  Rather, the "domain name" in the Facebook business URL is "facebook.com," which TST does not (and cannot) claim to own.  (*Id.* at 11-13.)  The court declined TST's invitation to "stretch the ACPA to cover trademarks appearing in vanity URLs or post-domain paths."  (*Id.* at 13.)

TST now argues that the post-domain path is a protected "domain name" because Facebook is an "other domain registration authority" within the meaning of the ACPA.  (MFR at 2-5.)  Specifically, it contends that Facebook allows users to "register with Facebook to obtain an account associated with a unique electronic address comprised of an alphanumeric string chosen by the user" and is "in a position of authority over these

---

[3] TST amended its complaint twice since the court entered its February 26, 2021 order.  (*See* Am. Compl. (Dkt. # 22); 2d Am. Compl. (Dkt. # 26).)  Because Defendants' motion to dismiss addressed TST's original complaint, the court cites that original complaint in this order.

accounts pursuant to is Terms of Use agreement." (*Id.* at 2.)  It further asserts that legislative history, in the form of Senate Report No. 106-140, supports its interpretation of the statute.  (*Id.* at 4-5 (citing *id.* Ex. 1 (S. Rep. No. 106-140 (1999))).)

  Defendants respond that the court correctly determined that the ACPA applies only to second-level domain names, such as the "facebook" portion of "www.facebook.com," that have been registered by a domain name registry (such as Verisign, Inc.) in accordance with a Registry Agreement with the Internet Corporation for Assigned Names and Numbers ("ICANN").  (MFR Resp. at 3-4 (first citing *Vizer v. VIZERNEWS.COM*, 869 F. Supp. 2d 75, 77-78 (D.D.C. 2012); and then citing *Domain Name System*, National Telecommunications & Information Administration, U.S. Dep't of Commerce, http://www.ntia.doc.gov/category/domain-name-system).)  It further directs the court to additional legislative history that supports the conclusion that the term "domain name" in the ACPA refers only to second-level domain names and not portions of a post-domain path.  (*Id.* at 5-6 (quoting 145 Cong. Rec. 14986, 15025 (1999) (comments of ACPA co-sponsor Senator Patrick Leahy)).)

  The court agrees with Defendants that TST's novel argument that Facebook should be considered a "domain name registry" is not supported by existing caselaw or by the ACPA's legislative history.  Because TST has not met its burden to show either manifest error in the prior ruling or new facts or legal authority which could not have been brought to the court's attention earlier with reasonable diligence, *see* Local Rules W.D. Wash. 7(h)(1), the court DENIES TST's motion to reconsider the dismissal of its ACPA claim.

ORDER - 4

### B.  Defamation Claim

TST also urges the court to reconsider its dismissal of the defamation claim.  TST alleges that certain of the Defendants made public statements about TST through Facebook posts which "falsely ascrib[ed] extremist ideologies and affiliations to" TST. (Compl. ¶¶ 36, 92.)  The court held that the defamation claim was barred by ecclesiastical abstention because resolving the claim would require the court to violate the First Amendment by "delving into doctrinal matters" in order to "define the beliefs held by [TST] and to determine that ableism, misogyny, racism, fascism, and transphobia fall outside those beliefs." (2/26/21 Order at 18 (first citing *Hyung Jin Moon v. Hak Ja Han Moon*, 431 F. Supp. 3d 394, 413 (S.D.N.Y. 2019), *aff'd*, 833 F. App'x 876 (2d Cir. 2020); and then citing *Kavanagh v. Zwilling*, 997 F. Supp. 2d 241, 250 (S.D.N.Y.), *aff'd*, 578 F. App'x 24 (2d Cir. 2014)).)

TST argues that the court erred because there are at least two ways for the court to address the defamation claim without delving into doctrinal matters. (MFR at 5 (citing *Puri v. Khalsa*, 844 F.3d 1152, 1164 (9th Cir. 2017)).)  First, according to TST, the court must "accept as a given" TST's own determination of its doctrine—for example, that TST does not promote fascism. (*Id.* at 5-6 (citing *Paul v. Watchtower Bible & Tract Soc. of New York, Inc.*, 819 F.2d 875, 878 n.1 (9th Cir. 1987)).)  Second, TST contends that the court can resolve the dispute based on "purely secular rules" by "treating [it] like it would any other organization." (*Id.* at 6 (citing *Puri*, 844 F.3d at 1164).)

As Defendants point out, however, the principle that a court must "accept as a given" a church's own determination of its doctrine applies where the plaintiff challenges

a church tribunal's application of its own rules—not where the church is the plaintiff suing another party. (Resp. at 7 (first citing *Paul*, 819 F.2d at 878 n.1; and then citing *Serbian E. Orthodox Diocese for U.S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 724-25 (1976)).) Moreover, nothing in the cases TST cited in its motion for reconsideration causes the court to question its prior decision that deciding the defamation claim will require the court or the jury to impermissibly "delve into" TST's doctrine to determine the falsity of Defendants' statements. (*See* MFR at 5-6.) Thus, because TST has shown neither manifest error in the court's prior ruling or new facts or legal authority that could not have been brought to the court's attention sooner, *see* Local Rules W.D. Wash. LCR 7(h)(1), the court DENIES TST's motion to reconsider the dismissal of its defamation claim.

### III.   CONCLUSION

For the foregoing reasons, the court DENIES TST's motion for reconsideration of the court's February 26, 2021 order granting Defendants' motion to dismiss (Dkt. # 21).

Dated this 12th day of April, 2022.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge