The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED FEDERATION OF CHURCHES, LLC d/b/a THE SATANIC TEMPLE,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ALAN JOHNSON, an individual; LEAH FISHBAUGH, an individual; MICKEY MEEHAM, an individual; and NATHAN SULLIVAN, an individual,<br><br>Defendants. | No. 2:20-cv-00509-RAJ<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>NOTE ON MOTION CALENDAR:<br>**June 10, 2022** |

David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan (collectively, "Defendants") move to dismiss the Second Amended Complaint ("SAC") filed against them by United Federation of Churches, LLC d/b/a The Satanic Temple ("The Satanic Temple" or "TST") for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

## I. INTRODUCTION

This case involves a dispute between a religious organization, TST, and its former members, Defendants, regarding views about the tenets and practices of TST.

Following two rounds of motions to dismiss for failure to state a claim upon which relief can be granted, this Court dismissed all of TST's federal law claims with leave (in part) to amend. TST elected not to amend its complaint. Accordingly, the operative complaint is

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

now devoid of claims under federal law. TST has not alleged (nor can it) that this Court has diversity jurisdiction. Rather, TST apparently relies upon supplemental jurisdiction to keep this case in this Court. However, it is inappropriate for this Court to exercise supplemental jurisdiction when the case has not progressed past the pleading stage. This Court should dismiss TST's remaining state law claims without prejudice, permitting TST to renew those claims (should it wish) against Defendants in King County Superior Court.

## II.   PROCEDURAL HISTORY[1]

TST has filed three complaints in this case.

The first complaint asserted two claims under federal law—alleged violation of the Computer Fraud and Abuse Act ("CFAA") and a "cyberpiracy" claim under the Anti-Cybersquatting Consumer Protection Act ("ACPA")—along with several state law claims. Complaint (Dkt. No. 1). In its original Complaint, TST asserted federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. *Id.* ¶ 4. This Court granted Defendants' motion to dismiss for failure to state a claim upon which relief can be granted, dismissing all claims with leave to amend except for TST's defamation claim, which was dismissed with prejudice. Order Granting Motion to Dismiss (Dkt. No. 20). TST moved for reconsideration of the Court's dismissal as to the ACPA and defamation claims. Motion for Reconsideration (Dkt. No. 21). This Court denied that motion just over a month ago. Order Denying Motion for Reconsideration (Dkt. No. 30).

While the motion for reconsideration was pending, TST filed a First Amended Complaint, which re-asserted the CFAA claim, re-pled one of the state law claims, dropped the ACPA claim and one of the state law claims for which the Court authorized amendment,

---

[1] This Court has summarized the factual allegations relevant to Defendants' motions to dismiss for failure to state a claim upon which relief can be granted in its orders on Defendants' motions. *See* Order Granting Motion to Dismiss (Dkt. No. 20) at 1-4; Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 31) at 2-7. Defendants' do not repeat TST's (highly contested) allegations as they are not salient to this motion and because many of them are now irrelevant to the matter, given this Court's dismissal of TST's federal claims.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 2



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

and added two state law claims.  First Amended Complaint (Dkt. No. 22).  Following a pre-motion to dismiss conference, the Parties stipulated to permitting TST to amend its complaint yet again, which this Court approved.  *See* Stipulated Motion for Leave to File Second Amended Complaint (Dkt. No. 24); Minute Order (Dkt. No. 25).

TST filed its Second Amended Complaint in May of 2021.  *See* Second Amended Complaint (Dkt. No. 26).  In that complaint TST re-asserted its CFAA claim, asserted the state law claims it had alleged in the First Amended Complaint, and asserted a new claim under federal law, this time for trademark dilution under the Federal Trademark Dilution Revision Act of 2006 ("FTDRA").  *Id.*  As with its original Complaint and First Amended Complaint, TST asserted federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims.  *Id.* ¶ 5.

Defendants promptly moved to dismiss all claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Motion to Dismiss Second Amended Complaint (Dkt. No. 27).  This Court granted in part and denied in part Defendants' motion to dismiss, dismissing the CFAA claim in its entirety (largely with prejudice, but with leave to amend in part), dismissing the FTDRA claim with leave to amend, dismissing in part two of the state law claims (while allowing those state law claims to proceed in part), and permitting a tortious interference with business expectancy claim to move forward.  Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (Dkt. No. 31).

Although the Court granted TST leave to amend TST's CFAA claim (in part) and its FTDRA claim, TST elected not to do so.  Accordingly, the "live" claims remaining in TST's Second Amended Complaint all arise from state law: a tortious interference with business expectancy claim and trespass to chattels/conversion claims as to the "Allies" page and business documents.  *Id.* at 32; *see also* Second Amended Complaint ¶¶ 82-105.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

### III.    ARGUMENT

**A. Fed. R. Civ. P. 12(b)(1) Standard**

A complaint may be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Specifically, "[r]ule 12(b)(1) presents a threshold challenge to the court's jurisdiction . . . [and] the court is obligated to determine whether it has subject matter jurisdiction in the first instance." *Agrocomplect, AD v. Republic of Iraq*, 524 F. Supp. 2d 16, 21 (D.D.C. 2007). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

A Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, the challenger asserts that the allegations of the complaint are insufficient on their face to invoke the court's jurisdiction. *Id.* Where a defendant makes a facial challenge, the court must accept as true the allegations and consider those allegations in the light most favorable to the non-moving party. *See, e.g., Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 93 (D.C. Cir. 2002).

**B. This Court Does not Possess Diversity Jurisdiction Over this Case**

United States district courts have original jurisdiction over all civil actions in which the amount in controversy is more than $75,000 and the action is between citizens of diverse states. 28 U.S.C. § 1332(a)(1). Accordingly, TST must show (1) that the parties are in complete diversity, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Id.*; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). TST has failed to plead diversity of citizenship. Even overlooking

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

TST's failure to plead diversity of the parties, TST has not (and cannot) plead that the amount in controversy threshold is satisfied.

**1. TST has not Pled Diversity of Citizenship**

A civil action falls within a federal district court's diversity jurisdiction only of diversity of citizenship among all parties is complete, *i.e.*, there is no plaintiff and no defendant who are citizens of the same state. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 288, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998).

TST has not pled complete diversity. *See* Second Amended Complaint ¶ 5. Further, TST has failed to file a corporate disclosure statement as required by the Western District of Washington Local Civil Rules necessary to invoke diversity jurisdiction. *See* LCR 7.1(b) ("In diversity actions . . . the corporate disclosure statement must also list those states in which the party, owners, partner, or members are citizens."). Rather, TST's corporate disclosure statement merely states that its members include Calvin Soling and Doug Misicko, without identifying the state(s) of which Mr. Soling and Mr. Misicko are citizens.[2] *See* Corporate Disclosure Statement (Dkt. No. 5). Disclosure of Mr. Soling's and Mr. Misicko's citizenship is essential for determining TST's citizenship for diversity jurisdiction purposes because "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

**2. TST Has not (and Cannot) Establish the Jurisdictional Threshold**

Even if TST could establish complete diversity of citizenship, it cannot establish the $75,000 amount in controversy threshold for diversity jurisdiction to exist. Conclusory allegations that the damages are in excess of the jurisdictionally required amount are

---

[2] Curiously, TST discloses "Calvin Soling" as a member of TST. But records from the Corporations Division of the Massachusetts Secretary of State's Office, including reports filed by TST and signed by "Cevin Soling" under penalty of perjury, show "Cevin Soling" as TST's manager and an individual authorized to execute documents on TST's behalf. *See* https://corp.sec.state.ma.us/CorpWeb/CorpSearch/CorpSummary.aspx?sysvalue=9kp5dqzTSt0jbYQEV9kdTswZ2QL6AH_LXMf99hAcl3c-

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 5



insufficient to confer jurisdiction. *Matheson*, 319 F.3d at 1090-91. But TST has not even made conclusory allegations that its damages exceed $75,000 as required by 28 U.S.C. § 1332(a). Rather, other than praying for $100,000 in statutory damages under FTDRA, *see* Prayer ¶ 4, the only damages TST claims are $33,689.70 for alleged misappropriation of the "Chapter" page, $1,037.52 for alleged misappropriation of the "Allies" page, and $8,246.70 as the value of the alleged unsuccessful appropriation of the Twitter page, for a total of $42,973.92. Complaint ¶ 77. Not only is this amount well below the $75,000 jurisdictional threshold, but (1) these damages are alleged only in connection with the (now dismissed) CFAA claim, and (2) these damages include over $8,000 in hypothetical damages for alleged attempted wrongdoing, which TST admits failed.

TST has not (and cannot) allege that more than $75,000 is in controversy in this dispute. Accordingly, even if TST had (or could) establish diversity of citizenship, this Court would not possess diversity jurisdiction over this dispute. 28 U.S.C. § 1332(a)(1).

### C. The Court Should Decline to Exercise Supplemental Jurisdiction Over the Surviving State Law Claims

Federal district courts have supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. Defendants do not dispute that this Court possessed jurisdiction over TST's state law claims when TST had "live" federal claims, as both the state and federal claims formed part of the same "case or controversy." But when a federal district court dismisses all claims over which it has original jurisdiction, the court "may decline to exercise supplemental jurisdiction" over the remaining claims. 28 U.S.C. § 1367(c)(3).

The exercise of supplemental jurisdiction is "a doctrine of discretion, not of plaintiff's right." *Blake v. Pallan*, 554 F.2d 947, 958 (9th Cir. 1977). Indeed, federal courts "have indicated a strong preference for the dismissal of pendent or ancillary claims whenever the district court disposes of the federal claims prior to trial." *United States v. Zima*, 766 F.2d

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

1153, 1158 (7th Cir. 1985). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); *see also Lundy v. Catholic Health System of Long Island, Inc.*, 711 F.3d 106, 118 (2d Cir. 2013) ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination" of the exercise of supplemental jurisdiction) (internal quotations omitted). Usually, "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). "Where, as here, the court has dismissed before trial the only basis for Federal jurisdiction, the court should decline to exercise jurisdiction over the pendent state claims." *Somin v. Total Cmty. Mgmt. Corp.*, 494 F. Supp. 2d 153, 160 (E.D.N.Y. 2007)

The "strong preference" for dismissal of state law claims after federal claims have been dismissed applies with particular force when, as here, the federal claims are dismissed at the pleading stage. *See, e.g.*, *Rossi v. Gemma*, 489 F.3d 26, 39 (1st Cir. 2007) ("At the time the district court made its ruling [declining to exercise supplemental jurisdiction], it had dismissed all federal claims on the pleadings, and so dismissal of the state claims was perfectly reasonable."); *Ross ex rel. Ross v. Board of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007) (affirming district court's declination of supplemental jurisdiction, particularly "given the fact that [plaintiff's] federal claims were dismissed at such an early stage on a purely legal ground"); *Nolz v. Connecticut Comm'n on Human Rights and Opportunities*, 438 F. Supp. 3d 148, 154 (D. Conn. 2020) (declining to exercise supplemental jurisdiction upon dismissal of federal claims on motion to dismiss); *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 189 (D.N.J. 2012) (declining to exercise supplemental jurisdiction after dismissal of federal claims on Fed. R. Civ. P. 12(b)(6) motion

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

when no answers or motions other than the motion to dismiss had been filed, no scheduling or settlement conferences had been conducted by the court, and the parties had yet to engage in discovery). Indeed, "[a]s a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit . . . will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995).

In these circumstances, *i.e.*, when the case has not proceeded past the pleading stage, "[e]xercising supplemental jurisdiction would neither promote judicial economy nor convenience to the parties because the case is still in its early stages." *Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales*, 474 F. Supp. 2d 1133, 1148 (N.D. Cal. 2007); *see also Steshenko v. Albee*, 42 F. Supp. 3d 1281, 1295 (N.D. Cal. 2014) (declining to exercise supplemental jurisdiction after dismissal of federal claims when "case has yet to proceed beyond the pleadings, and thus few judicial resources are wasted by dismissing the case at this stage" and when "dismissal promotes comity by allowing the California courts to interpret state law concerning the state law claims in the first instance."). Federal courts in Washington have even declined to exercise supplemental jurisdiction when the case has proceeded *past* the pleading stage to the summary judgment stage, where federal claims were dismissed on summary judgment. *See, e.g.*, *Blocktree Props., LLC v. PUD No. 2 of Grant Cty.*, 447 F. Supp. 3d 1030, 1046 (E.D. Wash. 2020), *aff'd sub nom. Cytline, LLC v. PUD No. 2 of Grant Cty.*, No. 20-35324, 2021 WL 928655 (9th Cir., Mar. 11, 2021). In contrast, where "the case ha[s] passed through every phase of litigation but trial," the exercise of supplemental jurisdiction may be appropriate. *Delgado v. Pawtucket Police Dep't*, 668 F.3d 42, 48 (1st Cir. 2012).

Just as this Court should decline to exercise supplemental jurisdiction after dismissal of TST's CFAA (and FTDRA) claim, other courts have done the same. *See, e.g.*, *Power Equip. Maintenance, Inc. v. AIRCO Power Servs., Inc.*, 953 F. Supp. 2d 1290, (S.D. Ga. 2013)

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

(finding that, upon dismissal of CFAA claim, "notions of fairness and comity would suggest that a case now composed of claims based entirely on state law should be tried in a state court").

None of the factors courts consider when determining whether to exercise supplemental jurisdiction counsel in favor of this Court retaining jurisdiction. Although the case has been pending for two years, to date the Court has considered only whether TST has stated claims upon which relief can be granted. This Court engaged in nuanced analysis of TST's claims, and rejected all three federal claims and one state law claim, defamation, which was dismissed on First Amendment grounds. All that remains are three state law claims: tortious interference with business expectancy, trespass to chattels, and conversion. Comity principles favor allowing a Washington State court to apply and interpret Washington State law as to those claims. *See, e.g.*, *Steshenko*, 42 F. Supp. 3d at 1295. Further, declining to exercise supplemental jurisdiction will not waste judicial resources (and indeed will conserve this Court's judicial resources), as the Court has only addressed the sufficiency of TST's pleadings. The Court has not, for example, presided over discovery, held any conferences, or decided any summary judgment motions. *Ross*, 486 F.3d at 285; *Cooper*, 912, F. Supp. 2d at 189. Finally, TST will not be unfairly prejudiced as ample time remains for TST to re-assert its surviving state law claims within the three-year limitations period set forth in RCW 4.16.080, in addition to any applicable tolling under 28 U.S.C. § 1367(d).

## IV.   CONCLUSION

For the foregoing reasons, TST's Second Amended Complaint should be dismissed because TST has not (and cannot) demonstrate diversity jurisdiction and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims, particularly given that this case has not progressed past the pleading stage.

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 9



ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

| | |
|---|---|
| 1 | DATED: May 13, 2022. |
| 2 | |
DATED: May 13, 2022.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan*

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 10

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

## CERTIFICATION OF CONFERENCE

The undersigned counsel certifies that, per Paragraph 6 of the Standing Order for Civil Cases Assigned to Judge Richard A. Jones, on May 9, 2022, counsel for Defendants conferred with Matthew Kezhaya and Benjamin Justus, counsel for United Federation of Churches, LLC, regarding a motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction. The parties were unable to reach an accord that would eliminate the need for this motion.

DATED: May 13, 2022.

**ARETE LAW GROUP PLLC**

By: */s/ Jeremy E. Roller*
Jeremy E. Roller, WSBA No. 32021
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax: (206) 428-3251
jroller@aretelaw.com

*Attorneys for Defendants David Alan Johnson, Leah Fishbaugh, Mickey Meehan, and Nathan Sullivan*

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 11

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**CERTIFICATE OF SERVICE**

I, Janet Fischer, certify that on May 13, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, thereby sending a notification of such filing to the following parties:

Benjamin Justus
Lybeck Pedreira & Justus, PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
(206) 687-7805
ben@lpjustus.com

Matthew A. Kezhaya
Kezhaya Law PLC
1202 NE McClain Rd
Bentonville, AR 72712
(479) 431-6112
matt@kezhaya.law

DATED: May 13, 2022, at Seattle, Washington.

/s/ Janet Fischer
Janet Fischer
Paralegal

MOTION TO DISMISS FOR LACK OF
SUBJECT MATTER JURISDICTION
No. 2:20-cv-00509-RAJ – Page 12

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250