UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| United Federation of Churches, LLC (dba "The Satanic Temple"),<br><br>Plaintiff,<br><br>v.<br><br>David Alan Johnson (aka "ADJ"), Leah Fishbaugh, Mickey Meeham, and Nathan Sullivan,<br><br>Defendants. | No. 2:20-cv-00509-RAJ<br><br>PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL |

PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL

No. 2:20-cv-00509-RAJ

Lybeck Pedreira & Justus PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255  Fax 206-230-7791

1

**A. Arguments and evidence raised for the first time on reply.**

The Court should strike Mr. Roller's declaration and its exhibits (Dkt. 38) and all references to them in the reply (Dkt. 37), as well as all new arguments raised for the first time in reply. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in a reply brief are waived."). See also *Provenz v. Miller*, 102 F.3d 1478, 1487 (9th Cir. 1996). As detailed below, various arguments and evidence newly presented with the reply were not part of Defendants' original motion. These should all be stricken pursuant to LCR 7(g) and/or Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.")

**B. Immaterial, impertinent and scandalous material.**

Exhibit 1 to defense counsel's declaration reflects TST's attorney's personal opinion about Defendants (Dkt. 38, at 2, 6, 7), which they repeat *four times* in the reply. *See* Dkt. 37, at 1, 5, 6, 12. The Court should strike this material pursuant to Fed. R. Civ. P. 12(f). The opinion is immaterial and impertinent because it has no tendency to prove or disprove damages. At issue on the pending motion is whether a lawful verdict could issue for at least $75,000. Defendants' complaint that TST's attorney said something mean about them on the internet have nothing to do with the issues before the Court.

The material is also scandalous. Of a three-page statement published on a sub-reddit, only one paragraph is highlighted. The rest is TST's attorney speaking about a matter of personal embarrassment involving professional consequences.[1] This potentially offensive material has no

---

[1] This is consistent with counsel's First Amendment right. *Cohen v. California*, 403 U.S. 15, 91. S. Ct. 1780, 29 L. Ed. 2d 284 (1971).

PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL - 1

No. 2:20-cv-00509-RAJ

Lybeck Pedreira & Justus PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791

tendency to disprove TST's damages.  It represents an ad hominem attack on TST's attorney, not a reply to his argument.  The Court should strike Exhibit 1 and all references thereto in the reply.

### C. Why TST pled federal question is irrelevant to whether diversity exists.

Exhibit 2 to counsel's declaration provides another quote from TST's attorney regarding the pleading of federal claims in this case. Dkt. 38, at 12.  Of course, TST's attorney wanted to structure the pleadings in a way that favors his client.  But the quoted material explains the strategic thinking behind pleading the *federal question* claims.  At issue here is whether the Court has *diversity* jurisdiction.  Exhibit 2 has no tendency to disprove the categories of damages asserted by TST.  It is just another overt attack on character instead of an attack on the argument. The Court should strike Exhibit 2 and all reference to it in the reply.

### D. TST's attorney's comment does not mean damages analysis is "feigned."

Exhibit 3 to counsel's declaration provides a quote from TST's attorney: "I need to come up with a credible justification that it is not-impossible a jury could legally award at least $75,000 in damages." Dkt. 38, at 16.  Defendants offer this statement as a purported "smoking gun" that TST has "feigned" its claimed damages. Dkt. 37, at 6. However, to "come up with" means to produce under challenge, i.e., prepare a response to Defendants' pending motion.

Defendants also cite TST's attorney's statement expressing shock that Defendants have spent over $80,000 on motion practice at the pleadings stage.  They erroneously suggest that this means that this case is not worth $80,000 *to TST*.  Not so.  This lawsuit represents TST's effort to recover stolen property and money damages.  The question presented now is whether those damages could exceed $75,000.  Whether it is foolish for Defendants to have spent $80,000 contesting the form of TST's pleadings after publicly bragging that they "stole" TST's property is, yet again,

PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL - 2

No. 2:20-cv-00509-RAJ

Lybeck Pedreira & Justus PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255   Fax 206-230-7791

1 immaterial. Neither of the cited comments have any tendency to suggest TST's damages analysis was done in bad faith. The Court should strike all reference to these comments.

### E. Judicial estoppel does not bar punitive damages.

TST's response asserted that Massachusetts law governs the question of damages such that punitive damages are available. Dkt. 35, at 11-16. The reply complains that TST previously used Washington law to show that the complaint properly pled common law claims and invokes judicial estoppel. Dkt. 37 at 10, n. 1. Judicial estoppel requires inconsistent positions to gain a litigation advantage. Defendants offer no valid explanation of "inconsistency." The argument fails.

### F. TST's attorney did not waive any argument to diversity jurisdiction.

Presenting yet more new evidence on reply, defense counsel boldly asserts that TST's attorney prospectively waived TST's right to argue for diversity jurisdiction during a meet-and-confer. Dkt. 38, ¶ 2. Despite the lack of charity Mr. Roller has displayed via the reply, TST will give him the benefit of the doubt: he must have misunderstood the conversation. What TST's attorney said was that he did not have basis to argue $75,000 in damages *at the time of the meet and confer* because he had not yet performed a detailed damages analysis. This was not done until after Defendants filed their motion. *See*, *e.g.*, Dkt. #38 at 16 ("I haven't yet had an opportunity to evaluate the damages.") (May 27, 2022). Since litigation-based waivers must be "clear and unequivocal," this disputed conversation cannot suffice. *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994). *See also Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 363-64 (9th Cir. 1986) (concluding that to dismiss a claim for lack of subject matter jurisdiction under the amount in controversy requirement "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount.") (citation omitted).

//

PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL - 3

No. 2:20-cv-00509-RAJ

Lybeck Pedreira & Justus PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA 98040
206-230-4255   Fax 206-230-7791

Respectfully submitted this 15th day of June, 2022.

LYBECK PEDREIRA & JUSTUS, PLLC

By: */s/ Benjamin Justus*
Benjamin Justus (#38855)
Attorneys for Plaintiff
Chase Bank Building
7900 SE 28th St., Fifth Floor
Mercer Island, WA 98040
206.687.7805 /phone  206.230.7791 /fax
ben@lpjustus.com / email Justus

And: */s/ Matthew A. Kezhaya*
Matthew A. Kezhaya (AR#2014161), admitted *pro hac vice*
Attorney for Plaintiff
Kezhaya Law PLC
1202 NE McClain Rd
Bentonville, AR 72712
479.431.6112 /ph 479.282.2892 /fax
matt@kezhaya.law / email Kezhaya

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2022, I electronically filed PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

Date at Seattle, Washington, on the 15th day of June, 2022.

*/s/ Benjamin Justus*

PLAINTIFF'S SURREPLY REQUESTING THAT THE COURT STRIKE CERTAIN MATERIAL - 4

No. 2:20-cv-00509-RAJ

Lybeck Pedreira & Justus PLLC
Chase Bank Building
7900 SE 28th Street, Fifth Floor
Mercer Island, WA  98040
206-230-4255  Fax 206-230-7791