HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED FEDERATION OF CHURCHES, LLC,

        Plaintiff,

    v.

DAVID ALAN JOHNSON, *et al*.,

        Defendants.

Case No. 20-cv-00509-RAJ

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

## I.   INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss and Plaintiff's Motion for Preliminary Injunction. Dkt. ## 33, 42. For the reasons below, the Court **GRANTS** Defendants' Motion to Dismiss and **DENIES** Plaintiff's Motion for Preliminary Junction.

## II.   BACKGROUND

This case involves a dispute between Plaintiff United Federation of Churches and its former members, Defendants. Plaintiff alleges that Defendants hacked several social media accounts and began posting content critical of Plaintiff's organization. Two of the social media accounts at issue are located on Facebook—

ORDER – 1

the "Chapter" page and the "Allies" page. Dkt. # 26 at 6. Plaintiff brought federal law claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030 and the Anti-Cybersquatting Consumer Protection Act ("ACPA"), and also brought associated state law claims.

Following two rounds of motions to dismiss, this Court dismissed Plaintiff's federal law claims and state law claims relating to the Chapter page on Facebook. Dkt. # 31 at 32. Plaintiff did not amend its complaint. Defendants now ask the Court to dismiss for lack of subject-matter jurisdiction. Dkt. # 33.

## III. LEGAL STANDARD

### A. FRCP 12(b)(1)

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction. *Id.* Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. DISCUSSION

With the Court's dismissal of Plaintiff's federal claims, Defendants now argue that there is no federal question jurisdiction and the requirements for diversity jurisdiction have not been met. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Defendants argue that Plaintiff cannot establish either prong.

### A. Complete diversity.

Plaintiff has established the "complete diversity" requirement. To establish

ORDER – 2

complete diversity, the citizenship of each plaintiff must be diverse from the citizenship of each defendant. LLCs, such as Plaintiff, are citizens "of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendants take issue with the fact that Plaintiff's Corporate Disclosure Statement failed to list the states of which its owners/members are citizens. Dkt. # 33 at 5. In response to Defendant's motion, Plaintiff filed a revised Corporate Disclosure Statement addressing this issue. Dkt. # 34. This late filing is a minor procedural mistake which does not affect this Court's subject matter jurisdiction. Neither the Court nor the parties were prejudiced by this late filing. The revised Corporate Disclosure Statement clears any ambiguity regarding complete diversity of the parties. Plaintiffs are citizens of Massachusetts, and Defendants are citizens of Washington.

**B.** **Amount in controversy.**

Defendants facially attack Plaintiff's complaint, arguing that the complaint fails to plead facts establishing the amount in controversy. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.").

The amount-in-controversy requirement is generally determined by the amount claimed in the complaint, and this amount controls if the complaint was made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). Nonetheless, a district court may be justified in dismissing the action where it appears to a legal certainty that the actual claim is less than the jurisdictional amount. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 999 (9th Cir. 2007). Here, the surviving claims seek injunctive relief and common law damages relating to misappropriation of the "Allies" page on Facebook that promotes Plaintiff's organization to non-members. Dkt. # 26 at 16.  The complaint specifically estimates the "loss" related to the misappropriation of the Allies page to be $1,037.52. Dkt. # 26 at 16. This is far below the required $75,000 to establish the amount in controversy. That Plaintiff also seeks

ORDER – 3

injunctive relief does not change this conclusion. *See Cohn v. Petsmart, Inc*., 281 F.3d 837, 840 (9th Cir. 2002) (stating that "the amount in controversy is measured by the value of the object of the litigation" where the plaintiff seeks injunctive relief).

Nor do any other peripheral allegations nudge the complaint's stated amount-in-controversy into the realm of plausibility. Although the complaint seeks $100,000 in statutory damages, Plaintiff's statutory claims have already been dismissed. *See* Dkt. # 31 at 32.  Same with Plaintiff's common law claims alleging damages for misappropriation of the "Chapter" page on Facebook. *Id*. Finally, Plaintiff's allegations regarding its losses for tortious interference with business relations are sparse. But in any event, the cumulative value of Plaintiff's lost business with Facebook does not exceed the jurisdictional minimum. *See* Dkt. # 26 at 16. Nor has Plaintiff established that punitive damages would be permitted under the applicable state law based on the conduct alleged. *See Davenport v. Mut. Ben. Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963). For these reasons, the Court agrees with Defendants that the complaint fails to plead facts establishing the amount in controversy and **GRANTS** the Motion to Dismiss.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion to Dismiss. Dkt. # 33. Because the court lacks subject matter jurisdiction, Plaintiff's request for a preliminary injunction is rendered moot. The Court **DENIES** the motion on that basis. Dkt. # 42.

DATED this 6th day of January, 2023.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER – 5